IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Silvestre Brambila,           :    Criminal No. 2:05-cr-152-1
                                   Civil Case No. 2:11-cv-0580
          Petitioner          :

     v.                       :    Judge Graham

United States of America,     :    Magistrate Judge Abel

          Respondent          :


<u>ORDER</u>

Petitioner Silvestre Brambila, a federal prisoner, brought this action for writ of habeas corpus under 28 U.S.C. § 2255. Petitioner has filed a notice of appeal from the Court's September 28, 2011, Opinion and Order adopting the Magistrate Judge's Report and Recommendation that the petition be dismissed as barred by the one year statute of limitations applicable to actions under 28 U.S.C. § 2255. Petitioner has moved to vacate that judgment and, alternatively, for a certificate of appealability under 28 U.S.C. § 2253(c) and Rule 22(b), Federal Rules of Appellate Procedure. Doc. 362.

When a claim has been denied on the merits, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). *Slack v. McDaniel,* 529 U.S.473,

483 (2000).  To make a substantial showing of the denial of a

constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for
> that matter, agree that) the petition should have been
> resolved in a different manner or that the issues
> presented were "'adequate to deserve encouragement to
> proceed further.'"  *Barefoot,* 463 U.S., at 893, and n.4
> . . . .

529 U.S. at 484.

When the Court dismisses a claim on procedural grounds, a

certificate of appealability

> should issue when the prisoner shows, at least, that
> jurists of reason would find it debatable whether the
> petition states a valid claim of the denial of a
> constitutional right and that jurists of reason would
> find it debatable whether the district court was correct
> in its procedural ruling.

*Id.*  Thus, there are two components to determining whether a

certificate of appealability should issue when a claim is dismissed

on procedural grounds: "one directed at the underlying

constitutional claims and one directed at the district court's

procedural holding."  The court may first "resolve the issue whose

answer is more apparent from the record and arguments."  *Id.*

For the reasons set out in the Court's Opinion and Order, the

Court concludes that reasonable jurists would not find it debatable

that the § 2255 petition is barred by the one year statute of

limitations.  Petitioner waited three years to file this petition.

He advances no good reasons for the delay.

Petitioner also seeks reconsideration of the judgment dismissing his petition on the ground that the judgment of criminal conviction is voidable. That argument is completely without merit. As the Magistrate Judge found:

On June 9, 2006, petitioner Silvestre Brambila pleaded guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and possession of a firearm in furtherance of a drug trafficking [crime]. On April 18, 2007, he was sentenced to a term of 180 months imprisonment for the conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and to 60 months in prison for possession of a firearm in furtherance of a drug trafficking [crime] (doc. 341).

He appealed the sentence. On May 28, 2008, the United States Court of Appeals for the Sixth Circuit affirmed the sentence, except that it held that the sentencing judge erred by staying imposition of supervised release until petitioner re-entered the United States. On May 28, 2008, the Court of Appeals remanded for modification of the imposition of supervised release to provide that supervised release began when petitioner had served his sentence (doc. 349). On June 24, 2008, the Court entered an amended judgment conforming with the decision of the Court of Appeals (doc. 351).

Petitioner maintains that his sentence is invalid under *Apprendi v. New Jersey,* 530 U.S. 466 (2000). However, his sentence was imposed nearly six years after *Apprendi.* He could have raised any *Apprendi* challenge at sentencing and on appeal. Although the petition alleges ineffective assistance of trial counsel, it does not allege ineffective assistance of appellate counsel. Further, the petition does not allege that counsel was ineffective for failing to argue that the sentence violated *Apprendi.*

Doc. 358, July 8, 2011 Report and Recommendation, pp. 1-2.

Accordingly, petitioner's motion to vacate judgment and for a certificate of appealability is DENIED. Petitioner's motion to

proceed in forma pauperis is GRANTED insofar as the Court determines petitioner is financially indigent.

Date: December 23, 2011    _____s/James L. Graham_____
              James L. Graham
              United States District Judge